IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 19-34923-KRH |
| EVAN NATHAN DAWSON, ) | CHAPTER 13 |
| *et ux.*, ) | |
| ) | |
| Debtors. ) | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN
NOTICE OF OBJECTION TO CONFIRMATION OF PLAN
AND NOTICE OF SCHEDULED HEARING ON THIS OBJECTION**

I. Notice of Objection and Notice of Hearing

| **PLACE OF HEARING:** | **DATE AND TIME OF HEARING:** |
|---|---|
| Courtroom 5000 701 East Broad Street Richmond, Virginia 23219 | December 4, 2019 11:10 a.m. |

**Your rights may be affected**.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

II. Objection to Confirmation of Chapter 13 Plan

The United States of America, by and through undersigned counsel, on behalf of its Department of Education, hereby objects to confirmation of the proposed Chapter 13 Plan on the following grounds:

Robert P. McIntosh
Assistant United States Attorney
SunTrust Center
919 East Main Street, Suite 1900
Richmond, Virginia 23219
Telephone: (804) 819-7404
Facsimile: (804) 771-2316
E-Mail: Robert.McIntosh@usdoj.gov
*Counsel for the United States of America*

1. Debtors filed their Chapter 13 petition on September 20, 2019.

2. No proof of claim for any education loans has been filed as of the date of this Objection to Confirmation.

3. The debtor(s) filed a Chapter 13 plan treating the claims of Department of Education as follows:

> Debtors are proposing to pay 10% to all unsecured creditors, including loans owed to US Department of Education. The student loan servicers and/or any entity which holds the right to collect on these debts shall give the debtors credit for payments made through this plan as if the payments were being made on loans not in default and be3ing paid per contract terms pursuant to 20 U.S.C. Section 1087. At successful discharge of this case or when this case terminates for any reason, debtors shall be deemed to have paid per contract and in compliance with any repayment period requirements for each and every and all months this case is pending, both before and after confirmation of the plan, for purposes of any relief available to them pursuant to Title 20 of the Federal Code or future bankruptcy laws.

Amended Plan (Dkt No. 20), p. 3, ¶ 5(A).

> Debtor is proposing to pay 11.83% to all unsecured creditors, including all student loans owed to US Dept of Education/Federal Loan Servicing. The student loan servicers and/or any entity which holds the right to collect on these debts shall give the debtor credit for payments mad through this plan as if the payments were being made on loans not in default and being paid per contract terms pursuant to 20 U.S.C. Section 1087. At successful discharge of this case or when this case terminates for any reason, debtor shall be deemed to have paid per contract and in compliance with any repayment period requirements for each and every and all months this case is pending, both before and after confirmation of the plan for purposes of any relief available to them pursuant to Title 20 of Federal Code.

Amended Plan, p. 3, ¶ 5(B).

4. Section 523(a)(8) of the Bankruptcy Code (11 U.S.C.) provides that a Chapter 13 discharge "does not discharge an individual debtor from any debt . . . for an educational . . . loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit" unless excepting the debt from discharge "would impose an undue hardship on the debtor and the debtor's dependents." 11 U.S.C. § 523(a)(8). A debtor may not alter or amend the terms of the educational loan through the Chapter 13 plan.

5. The United States objects to the terms of paragraphs 5(A) and 5(B) of the plan, in that they require the loans to be "deemed . . . paid per contract and in compliance with any repayment period requirements," *etc.* Paragraph 5(A) purports to pay educational loans at "10%" of the claim, while paragraph 5(B) purports to pay "11.83%" of the claim. The two

—2—

paragraphs are contradictory.

6.      Debtor(s) has two direct consolidated loans with Department of Education. The loans currently are in income-driven repayment ("IDR") plans, which require the debtor(s) to recertify income each year, and which may result in different installment payment amounts to be paid from year to year. Should debtor(s) desire to remain in the IDR plan(s), the plan is required to contain provisions in the form attached to this Objection.

WHEREFORE, the United States respectfully requests that confirmation of the proposed plan be denied.

Respectfully submitted,

G. ZACHARY TERWILLIGER
United States Attorney

By:   /s/ Robert P. McIntosh
Robert P. McIntosh
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the foregoing upon all interested parties to this proceeding, by causing true and correct copies thereof to be placed in the United States mail, postage prepaid, addressed as follows:

Evan Nathan Dawson
Michelle Dawson
8222 Flannigan Mill Rd
Mechanicsville, VA 23111
*Debtors*

I hereby certify a copy of foregoing will be filed with the United States Bankruptcy Court electronically in the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. Parties currently listed by the CM/ECF system to receive electronic notice in this case are set forth below.

Ellen P. Ray
Email: ellenray@earthlink.com
*Debtor's Attorney*

Carl M. Bates
*Chapter 13 Trustee*
Email: station01@richchap13.com; station06@richchap13.com; station03@richchap13.com; station10@richchap13.com; station07@richchap13.com

Date: November 15, 2019

                              /s/ Robert P. McIntosh
                              ROBERT P. MCINTOSH